UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY ROBINSON, #341328,

        Plaintiff,                           Hon. Robert J. Jonker

v.                                         Case No. 1:23-cv-431

UNKNOWN BURNHAM, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 34).   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be denied.

## BACKGROUND

Plaintiff initiated this action regarding events which allegedly occurred at the Lakeland Correctional Facility (LCF) where he was then incarcerated.   Specifically, Plaintiff has sued the following individuals: (1) Unknown Burnham and (2) Unknown Blue.   In his amended complaint, (ECF No. 23), Plaintiff alleges the following.

On January 14, 2023, Plaintiff was experiencing "severe sharp shooting back pain. . .violent back spasms every time he moved, [and an inability] to walk, sit or stand for long periods."   Over the course of the following six days Plaintiff submitted four separate requests for medical care all of which were ignored.   On January 20, 2023,

-1-

Plaintiff reported to his food service work assignment using a wheelchair.   Plaintiff's supervisor subsequently instructed Plaintiff to report to health care because he needed to be examined "immediately."   When Plaintiff arrived at health care, however, Defendants Burnham and Blue informed Plaintiff that his situation did not constitute an emergency and, therefore, they would not allow him to be examined by a nurse or other health care professional.

Plaintiff alleges that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment as well as his Fourteenth Amendment right to the equal protection of the laws.   Defendants Burnham and Blue now move for summary judgment on the ground that Plaintiff has failed to properly exhaust his administrative remedies.   Plaintiff has responded to this motion.   The Court finds that oral argument is unnecessary.   *See* W.D. Mich. LCivR 7.2(d).

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a).   Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case."   *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case."   *Minadeo v. ICI Paints*, 398

F.3d 751, 761 (6th Cir. 2005).  Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial."  *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).  The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient.  *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Amini*, 440 F.3d at 357.  The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial."  *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).  Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof."  *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Daniels*, 396 F.3d at 735.  Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether

the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d at 474.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action regarding prison conditions under 42 U.S.C. § 1983 must first exhaust his administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). This obligation only extends, however, to such administrative remedies as are available. *Ross v. Blake*, 578 U.S. 632, 642 (2016) (a prisoner "must exhaust available remedies, but need not exhaust unavailable ones").

Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Ibid.*

With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006).   In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'   The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody.   Prior to submitting a grievance, a prisoner must attempt to resolve the issue with staff, unless prevented by circumstances beyond his control, or the issue falls within the jurisdiction of Internal Affairs.   MDOC Policy Directive 03.02.130 ¶ Q (Mar. 18, 2019).   The prisoner must attempt to resolve the matter within two days of becoming aware that there exists a grievable issue.   (*Id.*).

If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance, but such must be submitted within five business days after attempting to resolve the matter with staff.   MDOC Policy Directive 03.02.130 ¶ W (Mar. 18, 2019).   The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included."   MDOC Policy Directive 03.02.130 ¶ S (Mar. 18, 2019).

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due.   MDOC Policy Directive 03.02.130 ¶ DD (Mar. 18, 2019).   If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III.   MDOC Policy Directive 03.02.130 ¶ HH (Mar. 18, 2019).

In support of their motion, Defendants have presented evidence that Plaintiff pursued a single grievance regarding the events in question.   (ECF No. 35-3, PageID.198-204).   In his grievance, Plaintiff alleged that Defendants Burnham and Blue denied his requests for medical treatment on January 20, 2023.   (*Id.*, PageID.203). Plaintiff's grievance was rejected at Step I on the ground that was "vague, [asserted] multiple issues/incidents and [Plaintiff] made no attempt to resolve prior" to filing the grievance.   (*Id.*).   The rejection of Plaintiff's grievance was upheld at Step II and Step III.   (*Id.*, PageID.201-02).

Plaintiff does not argue that he filed any other grievances.   Defendants argue that because the grievance Plaintiff did file was rejected at all three steps of the grievance process, it cannot serve to exhaust administrative remedies as to Plaintiff's claims against them.   Plaintiff advances two arguments in opposition to Defendants' motion.

First, Plaintiff argues that the rejection of his grievance should be disregarded. As noted above, Plaintiff's Step I grievance was denied on the ground that it was "vague"

and advanced "multiple issues/incidents."   The grievance was further rejected because Plaintiff made no attempt to resolve the matter prior to submitting his grievance.

The Court recognizes that it possesses the authority to disregard errors or mistakes made by prison officials when enforcing prison grievance policies.   *See, e.g., Burnett v. Walsh*, 2020 WL 3716555 at *3-4 (E.D. Mich., June 15, 2020) (court recommended that motion for summary judgment on failure to exhaust grounds be denied after finding that MDOC "improperly rejected" prisoner's grievance)[1]; *Ashley v. Boayue*, 2020 WL 5985203 at *5-6 (E.D. Mich., Feb. 18, 2020) (court recommended that motion for summary judgment on failure to exhaust grounds be denied in part after finding that MDOC "improperly rejected" prisoner's grievance)[2].   At the same time, however, "[t]he determination of whether a grievance is vague is one made by the MDOC."   *Odom*, 2022 WL 22717579 at *7.   Plaintiff has failed to demonstrate that the rejection of his grievance was unreasonable.   Accordingly, this grievance cannot serve to exhaust any of Plaintiff's claims.

Plaintiff next argues that Defendants' motion should be denied because he took advantage of the administrative remedies which were available to him.   The Court agrees.

---

[1] This recommendation was adopted as the opinion of the Court after no party objected thereto.   *Burnett v. Walsh*, 2020 WL 3639564 (E.D. Mich., July 6, 2020).

[2] This recommendation was adopted as the opinion of the Court after no party objected thereto.   *Ashley v. Boayue*, 2020 WL 4282198 (E.D. Mich., July 27, 2020).

As of January 2023, the Policy Directive regarding prisoner grievances provided, in part, as follows:

> Wardens and the FOA Region Managers shall ensure prisoners and parolees are provided assistance in completing a grievance form, if s/he determines it is needed.   In such cases, assistance shall be provided by a staff member who is not involved in the grievance.

(ECF No. 35-2, PageID.191).

Plaintiff has presented evidence that he lacks the ability to complete a prison grievance form without assistance.   (ECF No. 37, PageID.207).   Plaintiff further asserts that he requested assistance to complete a grievance form from several prison officials, other than Defendants Burnham and Blue, all of whom denied his request. (*Id.*, PageID.208).   Given these refusals for assistance, Plaintiff was compelled to obtain assistance from another inmate which, as discussed above, proved insufficient.

Defendants do not dispute that Plaintiff required assistance or that he sought such from prison staff.   Instead, Defendants argue that because Plaintiff did not request assistance *from the Warden*, his argument falls short.   The Policy Directive on which Defendants rely, quoted above, does not state that requests for assistance must be directed to the warden and only the warden.   Rather, it obligates the warden to ensure that assistance is provided to prisoners by prison staff.   Defendants' argument has been rejected by other courts.   *See, e.g., Black v. Monahan*, 2020 WL 8463613 (E.D. Mich., Nov. 30, 2020) (the court rejected the argument that "Black had to contact the warden to request help with his grievance," noting that "[n]othing in [the disputed Policy

provision] precludes a prisoner from asking for help from other prison officials").   The Court finds this argument persuasive especially considering that the Policy Directive expressly mandates that "assistance shall be provided by a staff member who is not involved in the grievance."

Plaintiff has provided evidence that he required assistance completing a grievance.   Plaintiff has provided evidence that he, in fact, requested assistance from various staff members, other than Defendants Burnham and Blue, who all rejected his requests.   Defendants have presented no evidence to the contrary.   Defendants have likewise presented no evidence that Plaintiff's requests for assistance were denied for legitimate reasons.   As the Sixth Circuit has concluded, in circumstances such as this Defendants must present evidence sufficient to carry their burden.   *See, e.g., Lamb v. Kendrick*, 52 F.4th 286, 295 (6th Cir. 2022) ("if the plaintiff contends that he was prevented from exhausting his remedies, the defendant must present evidence showing that the plaintiff's ability to exhaust was not hindered").   Defendants have failed, however, to present evidence that Plaintiff either did not require assistance or was provided the assistance to which he was entitled under MDOC policy.   Accordingly, the undersigned concludes that Defendants have failed to satisfy their burden on the exhaustion question.[3]

---

[3] The Court finds it irrelevant that Plaintiff filed a grievance *after* his requests for assistance were allegedly denied.   *See, e.g., Does 8-10 v. Snyder*, 945 F.3d 951, 963 (6th Cir. 2019) (once prison officials "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation," "exhaustion is not required").   Moreover, as already noted, that grievance was rejected on the grounds that

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment (ECF No. 34) be denied.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.    28 U.S.C. § 636(b)(1)(C).    Failure to file objections within the specified time waives the right to appeal the District Court's order.    *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: November 6, 2024                    /s/ Phillip J. Green
                                          PHILLIP J. GREEN
                                          United States Magistrate Judge

---

it was vague and asserted multiple issues which, if anything, supports Plaintiff's position that he required assistance.

-10-