UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY ROBINSON, #341328,

        Plaintiff,                                Hon. Robert J. Jonker

v.                                                      Case No. 1:23-cv-431

UNKNOWN BURNHAM, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 74). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted and this action terminated.

## BACKGROUND

Plaintiff initiated this action regarding events that allegedly occurred at the Lakeland Correctional Facility (LCF) where he was then incarcerated. Specifically, Plaintiff has sued the following individuals: (1) Unknown Burnham and (2) Unknown Blue. In his amended complaint, (ECF No. 23), Plaintiff alleges the following.

On January 14, 2023, Plaintiff was experiencing "severe sharp shooting back pain. . .violent back spasms every time he moved, [and an inability] to walk, sit or stand for long periods." Over the course of the following six days Plaintiff submitted four separate requests for medical care all of which were ignored. On January 20, 2023,

-1-

Plaintiff reported to his food service work assignment using a wheelchair. Plaintiff's supervisor subsequently instructed Plaintiff to report to health care because he needed to be examined "immediately." When Plaintiff arrived at health care, however, Defendants Burnham and Blue informed Plaintiff that his situation did not constitute an emergency and, therefore, they would not allow him to be examined by a nurse or other health care professional.

Plaintiff alleges that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment as well as his Fourteenth Amendment right to equal protection of the laws. Defendants Burnham and Blue now move for summary judgment. Plaintiff has responded to this motion. The Court finds that oral argument is unnecessary. *See* W.D. MICH. LCIVR 7.2(d).

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-

moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d at 474.

## ANALYSIS

**I.    Deliberate Indifference**

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976). Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The analysis by which a defendant's conduct is evaluated consists of two steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. A "serious medical need," sufficient to implicate the Eighth Amendment, is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). Thus, the objective component is satisfied where a prisoner receives no treatment for a serious medical need. *See Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018). However, where the plaintiff complains not of a denial of treatment but simply a delay in treatment, he must present evidence establishing that he suffered harm caused by the delay in treatment. *See Napier v. Madison County*, 238 F.3d 739, 742 (6th Cir. 2001)

("an inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment").

If the prisoner satisfies the objective component, he must then demonstrate that the defendant possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, Plaintiff "must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it.'" *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004). To satisfy this part of the analysis, Plaintiff must demonstrate that Defendant acted with "deliberateness tantamount to intent to punish." *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005).

To the extent Plaintiff simply disagrees with the treatment he received, or asserts that he received negligent care, summary judgment is appropriate. *See Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle*, 429 U.S. at 105-06) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Brown v. Kashyap*, 2000 WL 1679462 at *1 (6th Cir., Nov. 1, 2000) (citing *Estelle*, 429 U.S. at 106) ("allegations of medical malpractice or negligent diagnosis and

treatment" do not implicate the Eighth Amendment); *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010) (to prevail on an Eighth Amendment denial of medical treatment claim, "the inmate must show more than negligence or the misdiagnosis of an ailment"); *Robbins v. Black*, 351 Fed. Appx. 58, 62 (6th Cir., Nov. 3, 2009) ("mere negligence or malpractice is insufficient to establish an Eighth Amendment violation").

As noted above, Plaintiff alleges that he sought treatment at the prison health care clinic on January 20, 2023, but that upon arriving at the clinic, Defendants Burnham and Blue did not allow him to be examined by a nurse or other health care professional. The evidence, however, does not support Plaintiff's claim that his rights were violated.

On January 17, 2023, Plaintiff reported that he was experiencing low back pain. (ECF No. 75-2, PageID.398). Plaintiff requested that he "be seen an[d] treated for this soon." *Id.* On January 20, 2023, Plaintiff requested to be examined by a nurse because his back pain had worsened. (ECF No. 75-3, PageID.400). The parties dispute what occurred on January 20, 2023, but the record shows that Plaintiff was examined on January 21, 2023. (ECF No. 75-10, PageID.439-41).

The results of this examination belie Plaintiff's assertion that he was experiencing a medical emergency on January 20, 2023. Plaintiff "ambulated to [the] clinic without [an] assistive device." (ECF No. 75-10, PageID.440). Upon examination, Plaintiff exhibited decreased range of motion but normal strength. *Id.* Plaintiff's condition was characterized as "stable" and he was discharged with instructions to apply warm

compresses to his back, perform stretching exercises, and take over-the-counter pain medication. *Id.*

This evidence merely establishes that Plaintiff experienced a very brief delay in treatment. To prevail on a claim that his requests for medical treatment were delayed rather than denied, Plaintiff is required to present medical evidence establishing that the delay in treatment he experienced caused him to suffer adverse medical consequences. *See Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001) ("an inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed"). Plaintiff has presented no such evidence. Accordingly, the undersigned recommends that Defendants are entitled to summary judgment as to Plaintiff's Eighth Amendment claims.

## II.     Equal Protection

Plaintiff alleges that Defendants provided inmate Eddie Swanson with better medical treatment for his back pain. Plaintiff alleges that he received inferior treatment vis-à-vis Swanson because he is black whereas Swanson is white. Plaintiff alleges that Defendants' conduct violated his right to equal protection of the law.

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To prevail on an equal protection claim, Plaintiff must establish that he was treated "disparately as compared

to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011). The Supreme Court has also recognized what is referred to as a "class-of-one" equal protection claim in which the plaintiff does not allege membership in a particular class or group but instead establishes that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Davis v. Prison Health Services*, 679 F.3d 433, 441 (6th Cir. 2012).

Regardless of the particular theory advanced, however, the threshold element of any equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006); *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) ("[t]o state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class or has no rational basis'").

Plaintiff has presented no evidence that his medical circumstance or treatment needs were in any way similar to that experienced by Inmate Swanson. When questioned about this topic during his deposition, Plaintiff was unable to offer anything except the unsubstantiated conclusion that Swanson was treated differently than he was. (ECF No. 75-9, PageID.432-37). Because Plaintiff cannot establish that he was treated differently from any similarly situated person his equal protection claim fails.

-8-

Accordingly, the undersigned recommends that Defendants are entitled to summary judgment as to Plaintiff's equal protection claims.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment (ECF No. 74) be granted and this matter terminated. For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: October 16, 2025        /s/ Phillip J. Green
                              PHILLIP J. GREEN
                              United States Magistrate Judge